## RATNER v. SADOWSKY.

(Supreme Court, Appellate Term, First Department.   December 20, 1915.)

1. EVIDENCE ☞596—WEIGHT—BURDEN OF PROOF.

In a civil case, plaintiff is not bound to prove his case beyond a doubt, but merely by fair preponderance of the credible evidence; consequently an instruction that, if the jury were in doubt about the evidence, verdict must be for defendant, is error.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2446–2448; Dec. Dig. ☞596.]

2. WITNESSES ☞272—EXAMINATION—CROSS-EXAMINATION.

Where one of the defendant's witnesses stated he had refreshed his recollection from paper produced by defendant's counsel, plaintiff's attorney is entitled to inspect the paper for purposes of cross-examination, without being obliged to introduce it in evidence.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 961; Dec. Dig. ☞272.]

Appeal from City Court of New York, Trial Term.

Action by Morris Ratner against Rubin Sadowsky.   From a judgment for defendant, plaintiff appeals.   Reversed and remanded.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Samuel S. Marcus, of New York City, for appellant.

George W. Hurlbut, of New York City (Edwin C. Markel, of New York City, of counsel), for respondent.

PAGE, J.   This is an action to recover damages alleged to have been suffered by the plaintiff as a result of falling down a flight of stairs leading from the defendant's factory to the street.   The plaintiff was in the employ of the defendant, and was using the stairs as a means of egress from his work.   The stairs were in the control of the defendant.   The negligence relied upon by the plaintiff, for the purpose of charging the defendant with liability, was the alleged fact that an iron strip or nosing upon the stairs was out of repair, and, protruding a few inches, caught the plaintiff's foot.   There was also evidence that the stairway was poorly lighted.   The defendant offered no evidence as to the accident.

[1] The learned trial justice charged the jury:

"It is for you to consider if the evidence is of such a character that it appears true, probable, and convincing to your minds.   If you are in doubt about it, your verdict must be for the defendant.   It makes no difference that the defendant offers no evidence."

Plaintiff's counsel excepted to this charge, saying:

"I except to that part of your charge where your honor charges the jury in words or substance that, if the jury is in doubt as to the evidence adduced by the plaintiff, they must bring in a verdict for the defendant."

To this the court replied:

"The court has not so charged.   You are mistaken.   I said there is no evidence presented on the part of the defendant.   If they are in doubt as to the truth of plaintiff's testimony, their verdict must be for the defendant."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This was clearly error. The plaintiff was not bound to prove his case beyond a doubt, but merely by a fair preponderance of the credible evidence.

[2] Another serious error committed by the court was the refusal to permit an inspection by plaintiff's counsel of a paper produced by the defendant's counsel unless he would offer it in evidence. One of the defendant's witnesses stated that he had refreshed his recollection from the paper as to the facts to which he testified, and plaintiff's counsel was therefore entitled to examine it for purposes of cross-examination.

For these errors the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.